UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHEW LLC,<br>    *Plaintiff*,<br><br>v.<br><br>HEAVENLY RX LTD.,<br><br>    *Defendant*. | )<br>)<br>)<br>)<br>)<br>) Docket No.<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Pursuant to Rules 3 and 8(a) of the Federal Rules of Civil Procedure, the Plaintiff, Chew LLC ("Plaintiff" or "Chew"), brings this complaint against the Defendant, Heavenly Rx, Ltd., ("Defendant" or "Heavenly Rx"), seeking relief and alleging, upon personal knowledge or other information obtained upon investigation by the Plaintiff or Plaintiff's counsel that it believes to be true, the following:

**PRELIMINARY STATEMENT**

1.    Chew LLC is a Boston based food and beverage innovation company, which specializes in creating nutritious and sustainable products. Heavenly Rx is a CBD and hemp focused subsidiary of SOL Global Investments. Chew brings this complaint against Heavenly Rx for, among other things, breach of contract based on Heavenly Rx's refusal to pay Chew for services rendered under a written work agreement.

2.    In April 2019, Paul Norman ("Norman"), the Chief Executive Officer of Heavenly Rx, contacted Adam Melonas ("Melonas"), the Chief Executive Officer of Chew, to evaluate new opportunities for Heavenly Rx in the U.S. marketplace and to explore the possibility of forming a strategic business partnership between Heavenly Rx and Chew. Following several subsequent

1

in-person meetings between the two companies, Heavenly Rx hired Chew to improve and optimize the formula and branding of three of its products—CBD chews and gummies, TRUWOMEN bars, and CBD water. In exchange for Chew's services, Heavenly Rx agreed to pay Chew a fee of $900,000.00 plus an 8% flat fee to cover all out-of-pocket expenses. On or about June 14, 2019, the terms of the agreement between Chew and Heavenly Rx were memorialized in a Scope of Work agreement (the "Scope of Work Agreement" or the "Agreement"). The Agreement stipulated that Heavenly Rx would pay Chew for its services in three monthly installments of $324,000.00. Per the Agreement, these payments would come due on July 1, 2019, August 1, 2019, and September 1, 2019.

3.      Chew's employees worked diligently to complete the project objectives outlined in the Scope of Work Agreement. On June 19, 2019, Chew sent to Heavenly Rx an invoice for the first installment payment in the amount of $324,000.00. Heavenly Rx paid the first installment invoice within a few weeks of receipt. Soon thereafter, Chew completed the work outlined in the Agreement and sent Heavenly Rx another invoice for its services.   Unlike the previous invoice however, Heavenly Rx failed to pay the amount owed to Chew.  Chew has made multiple efforts to obtain payment from Heavenly Rx for services rendered. Nevertheless, and despite Chew performing its contractual obligations, Heavenly Rx refuses to pay the amount duly owed under the Agreement.

## PARTIES

4.      Chew LLC is a foreign limited liability company organized under the laws of the state of Delaware with a principal place of business in Boston, Massachusetts. At all times relevant hereto, Adam Melonas was and continues to be the founder and Chief Executive Officer of Chew LLC.

5.	Heavenly Rx Ltd. is a limited company organized under the laws of Canada with a principal place of business in Toronto, Ontario. Heavenly Rx is the hemp and CBD focused subsidiary of SOL Global Investments. At all times relevant thereto, Paul Norman was and continues to be the Chief Executive Officer of Heavenly Rx.

## JURISDICTION AND VENUE

6.	This Court has personal jurisdiction over Heavenly Rx under M.G.L. c. 223A §3 as Heavenly Rx transacts business in Commonwealth of Massachusetts and supplies services and goods in the Commonwealth of Massachusetts.

7.	This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), as there exists complete diversity among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8.	Venue is proper in this Court under 28 U.S.C. § 1391(b), as the Defendant conducts substantial business in the Commonwealth of Massachusetts, and the conduct that gave rise to the claims alleged in this Complaint occurred primarily in Massachusetts.

## FACTUAL ALLEGATIONS

9.	On or about October of 2013, Melonas founded Chew, a food and beverage innovation company which provides business consulting as well as product and brand development services to companies and culinary professionals. To date, Chew has partnered with its clients to develop over 2,000 products and has sought or acquired over 50 patents.

10.	Paul Norman is the Chief Executive Officer of Heavenly Rx, which is a privately-held hemp and CBD investment company. Prior to joining Heavenly Rx, Norman served as the President of North America at Kellogg's.

**Chew and Heavenly Rx Enter into the Scope of Work Agreement**

11.     Norman, who was introduced to Melonas approximately five years ago through mutual business contacts, contacted Melonas in April of 2019 to discuss new business opportunities and a potential strategic partnership between Chew and Heavenly Rx.

12.     Encouraged by this discussion of a potential strategic partnership between Chew and Heavenly Rx, Melonas traveled to Miami, Florida to attend a face-to-face meeting with several Heavenly Rx executives and employees. Among those in attendance were Norman and Andy DeFrancesco, the Chairman and Chief Information Officer of SOL Global Investments.

13.     Shortly thereafter, Melonas and Norman agreed that Heavenly Rx would hire Chew on a project-by-project basis and that Chew would immediately commence working on three products on behalf of Heavenly Rx: CBD gummies and chews, TRUWOMEN Bars, and CBD water. In light of this arrangement, Chew—investing significant time and corporate resources—immediately began developing a company strategy for optimizing, manufacturing, and branding these products. In fact, by May 2019, Heavenly Rx representatives were representing to third parties that Melonas was their "partner" who managed taste and research and development for Heavenly Rx's products.

14.     In an effort to memorialize the parties' agreement in writing, on June 13, 2019, Melonas sent Norman an email which attached a cover letter and a Scope of Work agreement. The cover letter and Scope of Work documents reflected in writing the agreement between Chew and Heavenly Rx concerning the three projects Chew was completing on behalf of Heavenly Rx. The cover letter to the Scope of Work Agreement states, in relevant part:

> Attached are Scope of Work documents pertaining to three projects Chew LLC will be undertaking on behalf of Heavenly Rx Ltd. As agreed, the fee for our work on these projects is $900,000 plus an 8% flat charge to cover all out of pocket expenses to include lab ingredients, travel, routine testing, and shipping. Heavenly Rx shall

>be responsible for the cost of plant trials (ingredients, line time, etc.) as well as testing related to CBD levels. Heavenly Rx Ltd. agrees to pay Chew LLC in three monthly installments of $324,000 on July 1, 2019, August 1, 2019, and September 1, 2019. As also agreed, Heavenly Rx will also immediately pay invoice in the amount of $70,200 for TruWoman cookie development that has already occurred.

A true and accurate copy of the June 13, 2019 email, attaching the Scope of Work Agreement, is attached hereto as **Exhibit A**.

15. The next day, in response to Melonas's June 13 email attaching the Scope of Work agreement, Norman accepted Melonas's offer in writing by stating: "Adam, Good to go[.] See you retain IP on what is required to do the water. Mike, Rhonda please note invoice/ payment scruple [sic] for these projects[.] Thx Paul."

**Chew's Performance under the Terms of the Scope of Work Agreement**

16. Chew immediately and concurrently commenced work on the three projects outlined in the Scope of Work Agreement. Pursuant to the Agreement and to ensure that Heavenly Rx was well-informed of the work Chew was performing, Chew employees participated in weekly calls with Heavenly Rx representatives to discuss the team's progress with respect to each of the three projects.

17. Chew invested significant time, money, and resources to perform under the contract. As it pertains to the CBD chews and gummies, Chew improved the formula for the base structure of the product, conducted extensive flavor development and optimization to improve the flavor of the product, identified and worked with a manufacturer to produce the improved product, and conducted a shelf life evaluation of the product.

18. Similarly, with regard to the TRUWOMEN bars, Chew, among other things, improved the formula for the base structure of the product, improved the flavor of the protein bars, and commenced shelf life testing.

19. Chew also began developing a base formula for CBD water and tested current brand offerings of CBD water to determine levels of CBD in currently available products.

20. Approximately one month after the parties executed the Agreement, Heavenly Rx—through Norman and Mike Beedles ("Beedles"), Heavenly Rx's Chief Operating and Technology Officer—instructed Chew to pause its work on the CBD water and CBD chews and gummies and to redirect all resources to improving the TRUWOMEN bars. Complying with Heavenly Rx's request, Chew shifted the resources that were allocated to the other two projects to the TRUWOMEN bars. Nevertheless, Chew remained ready, willing, and able to continue to work on the CBD water and CBD chews and gummies had Heavenly Rx so desired.

21. On June 19, 2019, Melonas sent an email to Norman and Beedles, attaching an invoice for the agreed-upon first installment payment in the amount of $324,000.00 for the services rendered under the Agreement.  The email stated, in pertinent part: "Please find attached pt 1 of the invoicing per previous agreement." Heavenly Rx paid the invoice in full on or about July 8, 2019. On this same day, Heavenly Rx also paid Chew in the amount of $70,200.00 for its services relating to the development of the TRUWOMEN cookie, as stipulated in the parties' Agreement.

**Heavenly Rx Breaches the Terms of the Scope of Work Agreement by Failing To Pay Chew Pursuant to the Agreement's Fee Schedule**

22. In accordance with terms of the Agreement between the parties, Chew sent Heavenly Rx the second installment invoice in the amount of $324,000.00 on or about August 1, 2019.

23. Chew repeatedly contacted Heavenly Rx to inquire about the status of the invoice and demand payment. However, Chew's demands for payment went unanswered.

24. On September 19, 2019, after weeks of failing to pay Chew's invoice, Heavenly Rx baselessly and in bad faith purported that there was an issue with the total amount billed by Chew, while also stating that Heavenly Rx could not afford to pay the outstanding invoices.

25. Chew made multiple attempts to communicate with Norman and Heavenly Rx regarding the outstanding balance. Although Chew fully performed its contractual obligations under the Agreement, Heavenly Rx failed to pay the second and third installment payments, as required by the Agreement. As such, Heavenly Rx currently owes Chew $648,000.00 for services rendered, as well as other damages in an amount to be proven at trial.

26. By failing to pay these outstanding invoices, Heavenly Rx intentionally and willfully breached the terms of the Agreement between the parties, giving rise to the instant dispute.

## COUNT I
### (Breach of Contract)

27. Chew incorporates the foregoing allegations in paragraphs 1 through 26, as if the same were fully set forth herein.

28. On June 14, 2019, Heavenly Rx entered into an Agreement with Chew for services relating to the development and improvement of Heavenly Rx's products.

29. The Agreement is a valid and enforceable contract.

30. Chew fully performed its obligations under the terms of the Agreement.

31. In accordance with the terms of the Agreement, Chew has demanded payment for all services rendered to Heavenly Rx. Heavenly Rx has failed and has refused, and continues to fail and to refuse, to pay Chew for services rendered.

32. As a direct and proximate result of Defendant's breach of its contractual duties under the terms of the Agreement between the parties, Plaintiff has sustained damages in an amount to be proven at trial.

## COUNT II
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

33. Chew incorporates the foregoing allegations in paragraphs 1 through 26, as if the same were fully set forth herein.

34. All contracts in Massachusetts, including this Agreement, contain an implied covenant of good faith and fair dealing, which requires that neither party take any action that will deprive the other of the benefits of the contract.

35. Heavenly Rx breached the implied covenant of good faith and fair dealing in the Agreement by, among other things, deliberately and intentionally failing to comply with the payment term contained in the Agreement between the parties.

36. As a direct and proximate result of Heavenly Rx's breach of the implied covenant of good faith and fair dealing, Chew has suffered damages in an amount to be proven at trial.

## COUNT III
### (Quantum Meruit)

37. Chew incorporates the foregoing allegations in paragraphs 1 through 26, as if the same were fully set forth herein.

38. Heavenly Rx requested services from Chew relating to three projects: CBD chews and gummies, TRUWOMEN bars, and CBD water. Heavenly Rx knew of Chew's reasonable expectation to receive payment for services rendered and agreed to pay Chew for these services.

39.     Chew delivered these services in reliance on Heavenly Rx's promise to compensate Chew for services rendered, and Chew reasonably expected to be compensated for the work that it performed.

40.     To the extent that Heavenly Rx contends that Chew is not entitled to recover compensation for the services it provided pursuant to the Agreement, Chew is entitled to recover the reasonable value of services rendered in quantum meruit.

## COUNT IV
### (Promissory Estoppel)

41.     Chew incorporates the foregoing allegations in paragraphs 1 through 26, as if the same were fully set forth herein.

42.     Heavenly Rx made a promise to Chew to pay Chew for services rendered on behalf of Heavenly Rx.

43.     Chew reasonably relied on Heavenly Rx's promises and representations to pay Chew for its services. In reliance on Heavenly Rx's promises and representations, Chew invested substantial capital and time to provide the agreed upon services to Heavenly Rx.

44.     Chew fully performed the services agreed upon by the parties.

45.     Chew's reliance on Heavenly Rx's promises was to its detriment, as Heavenly Rx breached its promises, assurances, and representations to pay Chew for services rendered.

46.     As a direct and proximate result of Chew's reasonable reliance on Heavenly Rx's promise, Chew has suffered damages in an amount to be proven at trial.

## COUNT V
### (Violation of G.L. c. 93A, §§ 2, 11)

47.     Chew incorporates the foregoing allegations in paragraphs 1 through 26, as if the same were fully set forth herein.

48. At all relevant times, Chew and Heavenly Rx were engaged in trade or commerce within the meaning of G.L. c. 93A, §§ 2 & 11.

49. By its unfair and deceptive actions described above, and with knowledge of its misconduct, Heavenly Rx willfully and knowingly engaged in unfair and deceptive conduct in violation of G.L. c. 93A, §§ 2 & 11 by intentionally breaching the parties Agreement.

50. Heavenly Rx further engaged in unfair and deceptive conduct by accepting the benefits of Chew's services knowing that it did not intend to pay Chew for services rendered.

51. Chew performed the services agreed upon by the parties primarily and substantially in Massachusetts.

52. Heavenly Rx's unfair and deceptive conduct occurred primarily and substantially in Massachusetts.

53. As a direct and proximate result of Heavenly Rx's unfair and deceptive conduct, Chew has and will continue to suffer damages in an amount to be proven at trial.

## **DEMAND FOR JURY TRIAL**

Demand is hereby made for a trial by jury for all issues so triable.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant as follows:

1. Entry of judgment in favor of Chew and against Heavenly Rx on all claims for relief;

2. An order awarding Chew compensatory monetary damages in an amount to be determined at trial;

3. An order of restitution in the amount equal to the reasonable value of the services provided by Chew at Heavenly Rx's request and for which Chew has not been paid;

4. Award Chew damages, multiple damages, and attorneys' fees and costs caused by

Heavenly Rx's willful and knowing violations of G.L. c. 93A, §§ 2 & 11;

5. An order awarding prejudgment interest at the statutory rate at the time payments to Chew came due;

6. An order awarding Chew costs and expenses incurred in this action, including reasonable attorneys' fees to the extent available under any applicable law; and

7. Any and all other legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**CHEW LLC**

By its attorneys,

*/s/ Harry L. Manion*
Harry L. Manion III (BBO# 317440)
Jacob J. Struck (BBO# 680197)
Anna Baitchenko (BBO# 695929)
Hunton Andrews Kurth LLP
125 High Street, Suite 533
Boston, MA 02110
(T): 617-648-2800
(F): 617-433-5022
HManion@HuntonAK.com
JStruck@HuntonAK.com
ABaitchenko@HuntonAK.com

Dated:  October 16, 2019